# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY

### ON APPEAL FROM THE COURT OF CHANCERY, AND THE PREROGATIVE COURT.

#### NOVEMBER TERM, 1916.

ALBERT C. STEINMETZ, appellant,

*v.*

LENA H. STEINMETZ, respondent.

[Argued March Term, 1915.    Decided April 22d, 1915.]

Pending an appeal from a decree of the court of chancery dismissing a petition for divorce, a motion to dismiss the appeal on the ground that the parties became reconciled and resumed cohabitation as husband and wife after the date of the decree, will not lie; because, if the decree of the court of chancery be affirmed, the matter will be entirely disposed of in respondent's favor, and if reversed, the respondent could, in the court below, obtain the relief sought here by a supplemental bill in the nature of a bill of review.

On motion to dismiss appeal from the court of chancery.

*Mr. Alberico O. Ciccarelli,* for the appellant.

*Mr. Abraham Levitan,* for the respondent.

The opinion of the court was delivered by

WALKER, CHANCELLOR.

The appellant, who is the husband of the respondent, filed a petition against her for divorce on the ground of adultery. The cause was referred to an advisory master and brought on before him. After the hearing he advised a decree dismissing the petition, which was filed and entered, and the petitioner appealed and noticed the case for argument at the present term of this court.

The respondent moved to dismiss the appeal, because, as alleged, the parties, appellant and respondent, resumed cohabitation subsequent to the decree. Sundry affidavits in support of the motion were served by the respondent, and the appellant served his own affidavit in reply. The proof submitted on behalf of the respondent was to the effect that she and the appellant became reconciled and resumed cohabitation as husband and wife four days after the entry of the decree of dismissal and remained together for a period of four days, when the appellant again deserted.

The respondent relied upon the case of *Moore* v. *Galupo, 70 N. J. Eq. 801,* as authority for the granting of the motion. It was there decided that cases may occur in which, to prevent injustice, this court will intervene and determine questions of fact affecting the status of an appeal; but that such intervention should not be resorted to for the mere convenience of the respondent. It was observed in the opinion that if the appeal went to hearing, and was decided in favor of the applying party, the matter would be entirely disposed of. And this is now the status of the case at bar, for this court has affirmed the decree below, and the matter is as entirely disposed of in favor of the respondent as if her motion to dismiss the appeal had prevailed. But if the result had been otherwise, and if the decree had been

reversed, she could have obtained in the court below the relief she sought here on the motion to dismiss. That relief could have been obtained by a supplemental bill in the nature of a bill of review, filed with leave of the court (*2 Dan. Ch. Pl. & Pr. \*1537*), which leave would be granted upon a proper state of facts. *Moore* v. *Galupo, supra.* And such a bill may be filed by a defendant. *O'Donnell* v. *McCann, 77 N. J. Eq. 188.*

In the present posture of the case at bar it is unnecessary to decide whether, if a reversal had resulted in this court, and a decree had been entered here directing the court below to grant the divorce prayed for by the appellant, a final decree should be entered at once, or whether a decree *nisi* should be entered in the court of chancery pursuant to the provisions of section 20 of the Divorce act (*P. L. 1907 p. 480*), which would become absolute after the expiration of six months from the entry thereof, unless proceedings for review were pending in that court, or that court before the expiration of the period, for sufficient cause, otherwise ordered. *Ibid.* § *20.* Among the causes which may be shown against making a decree of divorce absolute, it may be pertinent to remark, is the reconciliation of the parties and resumption of cohabitation after the date of the decree *nisi.* *Grant* v. *Grant, 92 Atl. Rep. 791, 793.*

As the respondent has obtained all the relief she seeks the pending motion is, of necessity, overruled.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, BOGERT, VREDENBURGH, WHITE, TERHUNE, WILLIAMS—13.

*For reversal*—None.